**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114262

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Lynne M. Moreo, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Mullen & Iannarone, P.C.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Lynne M. Moreo, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Mullen & Iannarone, P.C. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Lynne M. Moreo is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Mullen & Iannarone, P.C., is a New York Professional Corporation with a principal place of business in Suffolk County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated April 5, 2017. (**"Exhibit 1."**)

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. Plaintiff's debt was incurred pursuant to a contract between Plaintiff and Bethpage Federal Credit Union ("BFCU").

17. The Letter states, "Please be advised that a judgment has been entered against you in the sum of $24,814.38.

18. N.Y.C.P.L.R. § 5001(a) provides that interest shall be recovered upon a sum awarded because of a breach a contract.

19. An award of interest under § 5001 is mandatory.

20. N.Y.C.P.L.R. § 5001(b) provides that interest shall be computed from the earliest ascertainable date the cause of action existed.

21. BFCU and any assignee or successor-in-interest possessed a guaranteed right to interest on the Debt from, at the latest, April 5, 2017.

22. As such, the amount stated in the Letter was subject to the accrual of interest.

23. The Letter failed to disclose that the amount stated may increase due to interest.

24. 15 U.S.C. § 1692e prohibits a debt collector's use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

25. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and/or fees.

26. The Letter failed to disclose that the balance stated will increase due to interest.

27. The Letter, because of the aforementioned failure, violates 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

28. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter substantially similar to that at issue herein, where Defendant sought to collect a judgment without disclosing that the stated amount sought will increase due to interest, from one year before the date of this Complaint to the present.

29. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

30. Defendant regularly engages in debt collection.

31. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter substantially similar to that at issue herein, where Defendant sought to collect a judgment without disclosing that the stated amount sought will increase due to interest, from one year before the date of this Complaint to the present.

32. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33. The prosecution of separate actions by individual members of the Class would

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

34. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

35. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: April 5, 2018

                                      **BARSHAY SANDERS, PLLC**

                                      By: __/s/ *Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 114262